UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WAYNE MONT FAIRSE,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:26-cv-00641-MMD-CSD

ORDER

## I. SUMMARY

This habeas matter is before the Court for initial review of Petitioner Wayne Mont Fairse's pro se petition for writ of habeas corpus (ECF No. 6 ("Petition")) under 28 U.S.C. § 2254 pursuant to the rules governing § 2254 cases.[1] Because the Petition fails to state a cognizable habeas claim and is untimely, the Court summarily dismisses the Petition.

## II. BACKGROUND

Fairse challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nev. v. Fairse*, C-16-318854-1. On October 20, 2017, the state court entered a judgment of conviction under a guilty plea convicting Fairse of sexual assault with a minor under the age of sixteen and lewdness with a child under the age of fourteen. The state district court sentenced Fairse to 35 years to life in prison. Fairse appealed, but the Nevada Supreme Court dismissed the appeal as untimely on January 12, 2018. *Fairse v. State of Nev.*, No. 74638.

Fairse filed a motion to correct illegal sentence arguing that the state district court lacked jurisdiction. The Nevada Court of Appeals affirmed the state district court's denial

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

of relief. Fairse initiated this federal habeas corpus proceeding on August 24, 2026. (ECF No. 1.)

## III. DISCUSSION

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

### a. Untimely Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters judgment or the Nevada Supreme Court denies discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief or other collateral review in state court because no state court proceeding is pending during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Additionally, no statutory tolling is allowed for the period between the finality of a post-

conviction appeal and the filing of a federal petition. *Nino*, 183 F.3d at 1007.

Here, Fairse did not file a timely direct appeal. Thus, his conviction became final when the time expired for filing a notice of appeal with the Nevada appellate courts on November 19, 2017. The AEDPA statute of limitations thus began to run the following day and expired 365 days later on November 19, 2018. Even assuming Fairse's motion to correct illegal sentence tolled the AEDPA statute of limitations, it was filed in May 2024, years after the expiration of the AEDPA limitations period, and thus could not have tolled an already expired deadline. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, without another basis for tolling or delayed accrual, the AEDPA deadline expired on November 19, 2018, and Fairse's federal habeas petition, filed more than seven years later, is untimely on its face.

**b. Failure to State a Cognizable Habeas Claim**

In addition, Fairse alleges that the state court lacked jurisdiction over his criminal case because Nevada Revised Statute § 171.010—the statute giving Nevada state courts their jurisdictional authority—was nullified in 1957 when the Nevada Legislature invalidated all preexisting statutes, including Nevada Revised Statute § 171.010, which was enacted in 1911. This claim is not cognizable in federal habeas. This argument presents an issue of state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Moreover, the Nevada state court had jurisdiction over Fairse's underlying criminal case under the Nevada Constitution, see N.V. Const. art. VI, § 6, and Nevada Revised Statute § 171.010 does not address the state court's jurisdiction; rather, it provides criminal liability for persons committing offenses within Nevada. Fairse alleged the same grounds in a previous petition already dismissed by the Court last year. *See Fairse v. State of Nevada*, Case No. 3:25-cv-00731-MMD-CLB.

**IV. CONCLUSION**

It is therefore ordered that Petitioner's Wayne Mont Fairse's Petition (ECF No. 6) is dismissed.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court is directed to enter final judgment accordingly and close this case.

It is further ordered that the Clerk of the Court is directed to make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

DATED THIS 4th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE